**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| HEATH GABRIEL DEHART,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:25-cv-00140<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on a report and recommendation (the "R&R") from the Honorable Paul Kohler, who recommends that the Court deny the motion to remand filed by Plaintiff Heath DeHart, grant the motion to dismiss filed by Defendant Ally Financial Inc., and grant DeHart limited leave to file an amended complaint. As detailed below, the Court will adopt the R&R.

**BACKGROUND**[1]

This case commenced after DeHart discovered that his new Jeep had critical defects that could not be repaired.[2] The manufacturer determined that the car was a lemon, so DeHart left the vehicle with the dealership and began negotiating a buyback pursuant to Utah's "Lemon Law," Utah Code § 13-20-4.[3] As part of the negotiations, DeHart and the manufacturer requested

[1] Because the Court must assume the truth of DeHart's well-pleaded allegations at the motion-to-dismiss stage, the factual summary presented here is largely drawn from DeHart's complaint. *See Ashaheed v. Currington*, 7 F.4th 1236, 1249 (10th Cir. 2021).
[2] Dkt. No. 1-2 at 4. Pinpoint citations to documents in the record refer to the electronic page numbers generated by CM/ECF.
[3] *Id.* at 4–5.

"account documents, payoff statements, lien information, and payment histories" from Ally, but Ally "refused, delayed, or failed to provide" those documents.[4]

Meanwhile, DeHart sent Ally a letter asking it to "suspend adverse reporting and collection activity" while he was pursuing a remedy under the Lemon Law.[5] Even so, Ally reported to three credit reporting agencies ("CRAs") that DeHart was delinquent on his payments for the car.[6] DeHart's credit score has plummeted as a result of these negative reports, which he insists are "false, inaccurate, and malicious" because he was not allowed to make payments on his loan while the car was "in dealership custody" in connection with his claim under the Lemon Law.[7] Without notifying DeHart, Ally repossessed the car while it was still at the dealership.[8] Once the vehicle was repossessed, DeHart contends, he lost all hope of securing a remedy under the Lemon Law.[9] DeHart further alleges that Ally's actions have caused him "[e]motional distress and anxiety" and "reputational harm," among other things.[10]

Proceeding pro se, DeHart filed this case in state court, requesting $2.5 million in damages and pleading five causes of action: (1) "Obstruction of Lemon Law Process/Interference with Statutory Rights" ("Count 1"); (2) "Wrongful Repossession & Dispossession of Property (UCC Violations)" ("Count 2"); (3) "Negligence & Negligent Misrepresentation" ("Count 3"); (4) "Defamation of Credit/Fair Credit Reporting Act (FCRA) Violations" ("Count 4"); and (5) "Intentional Infliction of Emotional Distress" ("Count 5").[11]

---

[4] *Id.* at 5.
[5] *Id.* at 5.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 5–6.
[9] *Id.* at 6.
[10] *Id.* at 9.
[11] *Id.* at 3, 6–9. These causes of action are also listed at the top of DeHart's pleading under the heading "Complaint for Damages." *Id.* at 3.

Ally removed the action to this Court, asserting that this Court has federal-question jurisdiction (because DeHart raised a claim under the FCRA) and diversity jurisdiction (because Ally is a Delaware corporation with its principal place of business in Michigan, DeHart is domiciled in Utah, and the amount in controversy exceeds $75,000).[12]

DeHart moves to remand this case to state court, arguing that he did not intend to raise a federal claim in his complaint and merely referenced the FCRA "to describe [Ally's] conduct and to demonstrate [Ally's] knowledge of governing legal standards."[13] DeHart contends that the Court should look past his references to the FCRA and focus on the "gravamen" of his complaint, which he says comprises only issues of state law.[14] DeHart also asserts that removal based on diversity jurisdiction was improper because Ally did not provide "competent supporting evidence" of its citizenship.[15]

Ally opposes DeHart's motion to remand and has filed a motion to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[16] In short, Ally argues that DeHart's allegations are insufficient to support his asserted causes of action, and that much of the alleged conduct was permissible under the law and the Retail Installment Contract and Security Agreement (the "Agreement") that DeHart signed when he purchased the Jeep.[17] The Agreement, a copy of which is attached to the motion to dismiss, reflects an assignment to Ally and permits Ally to repossess the vehicle using self-help in the event of a default, so long as the repossession does not cause a "breach of the peace" or involve unlawful entry onto DeHart's property.[18] Ally

[12] Dkt. No. 1 at 2–5.
[13] Dkt. No. 10 at 2.
[14] *See id.* at 2–4.
[15] *Id.* at 4–5.
[16] Dkt. No. 14 at 1; Dkt. No. 12 at 1, 13.
[17] *See* Dkt. No. 12 at 6–13.
[18] Dkt. No. 12-1 at 2–3.

further notes that DeHart previously filed a lawsuit in this district that was "premised on the same allegations" at issue here and ultimately dismissed.[19] According to court documents attached to the motion to dismiss, DeHart's previous case was dismissed without prejudice after he missed his deadline to file an amended complaint.[20]

DeHart opposes the motion to dismiss, insisting that Ally's actions were unlawful and that he properly pleaded his claims under state law, but he does not dispute that he is in default on his loan payments or that Ally was entitled to repossess the Jeep under the terms of the Agreement.[21] DeHart opposes dismissal with prejudice and requests leave to amend to the extent the Court is inclined to grant Ally's motion.[22]

In the R&R, Judge Kohler recommends that the Court deny the motion to remand, grant the motion to dismiss, and grant DeHart leave to file an amended complaint as to Counts 1, 3, 4, and 5.[23] Judge Kohler concludes that the Court has federal question jurisdiction based on the contents of DeHart's complaint and diversity jurisdiction based on the information in the record.[24] As to diversity jurisdiction, Judge Kohler notes that DeHart has not presented any evidence to rebut Ally's assertions regarding the citizenship of the parties, and that Ally's website and state registry records seem to corroborate that Ally is a citizen of Michigan.[25]

As to the motion to dismiss, Judge Koher recommends that Count 1 be dismissed because whether the claim is construed as one for tortious interference or one for failure to comply with a request for an accounting under Utah Code § 70A-9a-210, the supporting allegations are too

---

[19] Dkt. No. 12 at 13–14.
[20] *See* Dkt. No. 12-3 at 2, 8; Dkt. No. 12-4 at 2.
[21] *See* Dkt. No. 19 at 4–7.
[22] *Id.* at 7–8.
[23] Dkt. No. 25 at 1.
[24] *Id.* at 6–10.
[25] *Id.* at 9–10 & n.60.

vague.[26] Judge Kohler also recommends that Count 2 be dismissed because Ally's repossession of the car without notice was permissible under the Agreement and Utah law, as DeHart was undisputedly delinquent on his loan payments and no breach of the peace has been alleged.[27]

As to Count 3, Judge Kohler recommends dismissal because the claim is either preempted by the FCRA or barred by the economic-loss doctrine.[28] Regarding the economic-loss doctrine, Judge Kohler observes that DeHart has not demonstrated that Ally has an independent, noncontractual duty to maintain accurate records, respond truthfully to document requests, or report accurate credit information.[29]

Count 4 should also be dismissed according to Judge Kohler because the FCRA does not provide a private right of action for DeHart against Ally as a "furnisher" under 15 U.S.C. § 1681s-2(a), and DeHart has not alleged the elements of an FCRA claim under 15 U.S.C. § 1681s-2(b) (i.e., that Ally received a notice of dispute from a CRA and failed to take appropriate follow-up action).[30] Judge Kohler also notes that to the extent DeHart attempts to raise a state-law claim for defamation of credit, such a claim is preempted by the FCRA unless DeHart can plausibly allege that Ally acted "with malice or willful intent to injure."[31] As to Count 5, Judge Kohler recommends dismissal because Ally's alleged conduct was not "outrageous" and is therefore insufficient to support a claim for intentional infliction of emotional distress.[32]

Judge Kohler recommends that all DeHart's claims be dismissed without prejudice, except for Count 2, which Judge Kohler says should be dismissed with prejudice based on the undisputed

---

[26] *Id.* at 12–14.
[27] *Id.* at 14–16.
[28] *Id.* at 16–18.
[29] *Id.* at 16–18.
[30] *Id.* at 18–20.
[31] *Id.* at 20–21.
[32] *Id.* at 21–22.

terms of the Agreement.[33] As to the other claims, Judge Kohler recommends that DeHart be permitted to file an amended complaint that includes those counts but does not raise "any claims outside or beyond what was already contained in" his existing complaint.[34]

DeHart raises six basic objections to the R&R.[35] First, DeHart asserts that he only raises state-law claims and that he only mentions the FCRA in his complaint to "demonstrate [Ally's] knowledge, standard of conduct, and willfulness."[36] Accordingly, DeHart contends, dismissal based on FCRA preemption would be inappropriate.[37] Second, DeHart argues that the R&R improperly applies Rule 12(b)(6) because his allegations, when taken as true, state plausible claims for relief.[38] DeHart also notes that he can provide more detailed factual allegations to support his claims.[39] Third, DeHart argues that the R&R improperly applies the economic-loss doctrine because his complaint alleges noneconomic harms and conduct outside the scope of the Agreement.[40] DeHart further contends that his tort claims are "fact-intensive" and therefore should not be adjudicated at this stage.[41] Fourth, DeHart asserts that the R&R improperly relies on materials outside his complaint.[42] Fifth, DeHart objects to any reliance on the dismissal of his prior case, noting that the prior case was dismissed without prejudice.[43] Sixth, DeHart contends that

---

[33] *See id.* at 14–16, 23.
[34] *Id.* at 23.
[35] *See* Dkt. No. 26 at 2–6.
[36] *Id.* at 2–3.
[37] *Id.*
[38] *Id.* at 3–4.
[39] *Id.* at 4.
[40] *Id.* at 4–5.
[41] *Id.* at 5.
[42] *Id.*
[43] *Id.* at 5–6.

there should be no restriction on his amended complaint, as he wishes to raise additional factual allegations.[44]

**DISCUSSION**

When a party timely objects to an R&R as DeHart has done here, the Court must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). As part of this evaluation, the Court "must consider the actual testimony or other evidence in the record and not merely review the [R&R]." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). For any portion of the R&R that is not objected to, however, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition.

Upon review of the record, the Court concludes that DeHart's objections lack merit. While DeHart insists in his first objection that he has not raised any federal claims, the text of his own pleading shows otherwise. Indeed, his complaint contains allegations of false credit reporting and a cause of action titled "Defamation of Credit/Fair Credit Reporting Act (FCRA) Violations."[45] Thus, Judge Kohler correctly concluded that the Court has federal-question jurisdiction here.[46] *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (explaining that federal-question jurisdiction exists where the complaint, as pleaded, relies on a federal cause of action). Based on his assertion that he has not raised a federal claim, DeHart also contends that it was inappropriate for Judge Kohler to discuss preemption in his analysis. But

[44] *Id.* at 6–7.
[45] *See* Dkt. No. 1-2 at 3, 5, 8.
[46] Even if DeHart's complaint did not raise a federal claim, this Court would still have diversity jurisdiction, as DeHart requests well over $75,000 in damages in his complaint, has not disputed that he is a citizen of Utah, and has not presented any evidence to dispute Ally's citizenship in Delaware and Michigan. *See* 28 U.S.C. § 1332(a).

a preemption analysis would be appropriate even if there were no federal claim in this case; after all, the preemption language in the FCRA operates to bar claims under state law. *See* 15 U.S.C. § 1681h(e) (barring claims for "defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency," except where "false information" was "furnished with malice or willful intent to injure [a] consumer").[47]

DeHart's second objection is likewise without merit. Courts are of course required to assume the truth of well-pleaded allegations when reviewing a Rule 12(b)(6) motion, but Judge Kohler did just that.[48] The problem for DeHart is that his allegations are not well-pleaded, and even when they are construed generously, they do not state a plausible cause of action. The federal rules call for "a short and plain statement" of the pleader's claims, Fed. R. Civ. P. 8(a), but they do not tolerate the "'naked assertions' devoid of 'further factual enhancement'" in DeHart's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration adopted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). For instance, DeHart alleges that Ally did not provide documents he asked for or comply with his request to stop furnishing negative information to CRAs, but he fails to elaborate any further; indeed, he does not even specify how he made these entreaties or what response (if any) he received from Ally.[49]

To home in on the individual causes of action, DeHart seemingly asserts a claim for tortious interference in Count 1, but as Judge Kohler observed, he does not specify how Ally's failure to

---

[47] Notably, DeHart does not seem to contend in his objections that Judge Kohler's preemption analysis was incorrect on the law. *See* Dkt. No. 26 at 2–3. Moreover, even if DeHart had raised such an argument, the Court would still accept Judge Kohler's recommendation because, beyond a few conclusory statements, DeHart's complaint does not allege the malice or willful intent required for a defamation-of-credit claim to overcome preemption. *See* Dkt. No. 1-2 at 4–9.

[48] *See* Dkt. No. 25 at 2 n.5.

[49] *See* Dkt. No. 1-2 at 5.

provide requested documents involved "improper means" like "conduct contrary to law—such as violations of statutes, regulations, or recognized common-law rules—or the violation of an established standard of a trade or profession." *C.R. England v. Swift Transp. Co.*, 437 P.3d 343, 355 (Utah 2019).

As to Count 2, Ally's repossession of the vehicle was authorized by the Agreement because DeHart was undisputedly in default on his loan and there is no indication that the repossession involved a breach of the peace or unlawful entry onto DeHart's property. Moreover, it does not appear that Ally was required to give notice prior to repossession, *see* Utah Code § 70A-9a-609(2) (permitting repossession "without judicial process" so long as there is no "breach of the peace"), and the Court is not aware of any legal authority suggesting that DeHart was not permitted to make payments on his loan while the Lemon Law repurchase process was ongoing. Absent any overriding principle of law, the Agreement controls. And because the Agreement will remain the same no matter what DeHart says in a future pleading, it would be futile for him to reallege Count 2 in an amended complaint. Accordingly, Judge Kohler properly recommended that Count 2 be dismissed with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (explaining that dismissal without leave to amend is appropriate where amendment "would be futile," and that "such a dismissal," if it "operates on the merits," is typically "entered with prejudice").

Turning to Count 3 and Count 4, they are largely preempted as suggested above, *see* 15 U.S.C. § 1681h(e), or barred by the economic-loss doctrine as explained further below. Additionally, even though DeHart insists that he has not raised an FCRA claim, Count 4 fails under that statute for the reasons identified in the R&R. *See* 15 U.S.C. §§ 1681s-2(a)–(d). Count 5 also fails to state a claim for relief, as DeHart's bare allegations of maliciousness and deception are not

enough to establish the outrageousness required for a claim of intentional infliction of emotional distress. *See Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) ("[C]onduct is not outrageous simply because it is 'tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal.'" (quoting *Franco v. Church of Jesus Christ of Latter-Day Saints*, 21 P.3d 198, 207 (Utah 2001), *overruled on other ground by Williams v. Kingdom Hall of Jehovah's Witnesses*, 491 P.3d 852, 856 n.29 (Utah 2021))). Thus, DeHart's second objection lacks merit.

In his third objection, DeHart argues that Judge Kohler improperly invoked the economic-loss doctrine, but the Court disagrees. The economic-loss doctrine generally bars tort claims where, as here, the parties are in a contractual relationship and the plaintiff only seeks economic damages. *See Hermansen v. Tasulis*, 48 P.3d 235, 240 (Utah 2002). True, this rule does not apply where the defendant has "an independent duty of care under tort law," *id.* (quoting *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000) (en banc)), but DeHart has not asserted such an independent duty here. Indeed, DeHart does not explain how the duties he asserts (i.e., reporting, recordkeeping, and disclosure duties) could exist if Ally were not his creditor pursuant to the Agreement.

DeHart's fourth objection is unfounded, too. While Judge Kohler relied on the Agreement in the R&R, he was permitted to do so, as DeHart references the Agreement in the complaint,[50] the Agreement is integral to DeHart's claims, and DeHart has not disputed the Agreement's authenticity. *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Judge Kohler was likewise permitted to judicially notice DeHart's prior case in this district, information

[50] While DeHart does not refer to the Agreement by name or quote specific provisions, he references his obligation to make monthly loan payments, which arises from the Agreement. *See* Dkt. No. 1-2 at 5.

from Ally's website, and information from a state registry as matters of public record. *See* Fed. R. Evid. 201(b) (providing that a court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Because Judge Kohler did not err when he referenced DeHart's prior case, DeHart's fifth objection is without merit as well. Moreover, Judge Kohler did not give the prior case any preclusive effect as DeHart seems to suggest. To the contrary, Judge Kohler recommends that DeHart be given leave to amend most of his claims.

This brings us to the sixth and final objection, in which DeHart asserts that there should not be any restrictions on the contents of his amended complaint. As an initial matter, it seems that DeHart misunderstands the R&R on this point. With his proposal, Judge Kohler does not seek to "restrict[]" the amended complaint "to the precise wording" of the existing pleading as DeHart suggests. Instead, Judge Kohler merely wants to ensure that DeHart does not raise new causes of action or reassert Count 2. This is a reasonable restriction. As demonstrated above, Count 2 lacks merit and reasserting it would be futile. And raising new causes of action, the Court finds, would not be appropriate at this stage where DeHart, between this and the prior action, has had multiple chances to plead his case. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (2006) (explaining that a court may "properly deny a motion to amend" to prevent a plaintiff from raising "theories seriatim" (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994))).

## **CONCLUSION & ORDER**

Thus, all of DeHart's objections lack merit. In addition, there is no clear error on the face of the record as to any matter for which DeHart has not raised an objection. Accordingly, the Court ORDERS as follows:

1. The R&R is ADOPTED.

2. DeHart's motion to remand (Dkt. No. 10) is DENIED.

3. Ally's motion to dismiss (Dkt. No. 12) is GRANTED.

4. Count 2 of the complaint is DISMISSED WITH PREJUDICE.

5. Counts 1, 3, 4, and 5 of the complaint are DISMISSED WITHOUT PREJUDICE.

6. Leave to file an amended complaint is GRANTED. DeHart shall file his amended complaint no later than October 5, 2026. DeHart's amended complaint may contain additional factual details to support Counts 1, 3, 4, and 5 but may not include any additional causes of action.

DATED this 4th day of September 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge